# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| ROBERT LAMAIRE and CRYSTAL GOINGS, Individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF HORRY and the HORRY COUNTY COUNCIL, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> Demand for Jury Trial |

Plaintiffs Robert LaMaire and Crystal Goings ("Plaintiffs"), by and through counsel, bring this Class Action Complaint against Defendants County of Horry and the Horry County Council ("Defendants") on behalf of themselves and all others similarly situated, and allege, upon personal knowledge as to their own actions and their counsel's investigations, and upon information and belief as to all other matters, as follows:

## INTRODUCTORY STATEMENT

1. This is a class action seeking declaratory relief and recovery of monetary damages to remedy Defendants' violation of the substantive due process rights of Plaintiffs and Class Members by charging and collecting unlawful "road maintenance fees," which are assessed annually on each motor vehicle registered in Horry County (the "Road Fees"). Such road maintenance fees were declared unlawful this year by the South Carolina Supreme Court in Burns v. Greenville Cty. Council, 2021 S.C. LEXIS 80 (S.C. Supreme Court) (June 30, 2021).

2. Plaintiffs are citizens and residents of Horry County whose substantive due process rights have been violated by Defendants' unlawful charge and collection of the Road Fees.

1

3. In this action, Plaintiffs, on behalf of themselves and a class of Road Fee payers, seeks declarations that Defendants' charge and collection of Road Fees, and adoption of Ordinances authorizing the Road Fees, was *ultra vires* and in violation of Plaintiffs' rights to substantive due process guaranteed by the United States Constitution and 42 U.S.C. § 1983.

4. Plaintiffs, on behalf of themselves and a class of Road Fee payers, seek damages in the form of a refund of all unlawfully charged Road Fees charged and collected by Defendants in all fiscal years, together with interest as allowed by law, plus an award of costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988 and/or other applicable law.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs' claims present substantial, disputed questions of federal law arising under the United States Constitution and under 42 U.S.C. §§ 1983 and 1988.

6. This Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the Class are in excess of $5,000,000.00, exclusive of interest and costs, and, upon information and belief, members of the Class are citizens of a State different from the Defendants.

7. This Court has jurisdiction over Plaintiffs' requests for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. A genuine and justiciable controversy exists between the parties in that Plaintiffs contend that Defendants' Road Fees were unlawful and violated the due process rights of Plaintiffs and the Class, whereas, upon information and belief, Defendants contend the challenged Road Fees were legal.

8. This Court has subject matter and personal jurisdiction over the Parties.

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because it is the

judicial district in which the Defendants are considered to reside as well as the judicial district in which a substantial part of the events or omissions giving rise to these claims occurred.

10. This action has been filed within all applicable statutes of limitation and repose.

## PARTIES

11. Plaintiff Robert LaMaire is a citizen and resident of Horry County, South Carolina. Plaintiff LaMaire is the owner of one or more motor vehicles registered and maintained in County and has been required to pay the Road Fees to the County.

12. Plaintiff Crystal Goings is a citizen and resident of Horry County, South Carolina. Plaintiff Goings is the owner of one or more motor vehicles registered and maintained in County and has been required to pay the Road Fees to the County.

13. Defendant County of Horry (the "County") is a body politic and governmental entity located in the State of South Carolina.

14. Defendant Horry County Council (the "Council") is the governing body of the County and has imposed and adopted annual budget Ordinances authorizing the disputed Road Fees at issue in this action.

15. At all times relevant to this action, the Defendants were acting under color of state law, statute, or ordinance.

## FACTUAL ALLEGATIONS

16. As part of the County's annual budget, Defendants have annually passed an Ordinance adopting the Road Fees, which are assessed on each motorized vehicle licensed in the County.

17. The budget Ordinance adopting the current Road Fees for Fiscal Year 2022 (effective July 1, 2021 through present) set the Road Fees at $50.00 per vehicle.

18. The budget Ordinance adopting the Road Fees for Fiscal Year 2021 (effective July 1, 2020 through June 30, 2021) set the Road Fees at $50.00 per vehicle.

19. The budget Ordinance adopting the Road Fees for Fiscal Year 2020 (effective July 1, 2019 through June 30, 2020) set the Road Fees at $50.00 per vehicle.

20. The budget Ordinance adopting the Road Fees for Fiscal Year 2019 (effective July 1, 2018 through June 30, 2019) set the Road Fees at $50.00 per vehicle.

21. Upon information and belief, the budget Ordinances adopting Road Fees in fiscal years prior to Fiscal Year 2019 ranged from $15.00 per vehicle to $50.00 per vehicle.

22. The Road Fee appears on property tax bills for each vehicle registered and taxed in the County.

23. The County generates revenues of roughly $17,000,000.00 per year in Road Fees.[1]

24. The Road Fees charged by Defendants in each fiscal year are for the specific purpose of maintenance and improvement of the County's road system.

25. The South Carolina General Assembly has only permitted counties "to… levy ad valorem property taxes and uniform service charges." S.C. Code Ann. § 4-9-30(5)(a); *see also* S.C. Code Ann. § 6-1-330(A) ("A local governing body… is authorized to charge and collect a service or user fee.").

26. The Road Fee is not an *ad valorem* property tax.

27. Upon information and belief, Defendants contend that the Road Fee is a lawful service fee.

---

[1] https://www.wbtw.com/news/grand-strand/future-of-horry-countys-road-maintenance-fee-uncertain/#:~:text=HORRY%20COUNTY%2C%20S.C.%20(WBTW),collected%20%2417%2C741%2C915%20from%20the%20fee.

4

28. Road maintenance fees charged by the County were the subject of the South Carolina Supreme Court's 1992 decision in Brown v. Horry County, 308 S.C. 180, 417 S.E.2d 565 (1992) ("Brown").

29. In 1997, following Brown, the General Assembly enacted S.C. Code Ann. § 6-1-300(6), which defines an authorized "service or user fee" as "a charge required to be paid in return for a particular government service or program made available to the payer that benefits the payer in some manner different from the members of the general public not paying the fee." (emphasis added).

30. Following the General Assembly's 1997 enactment of S.C. Code Ann. § 6-1-300(6), a "service or user fee" must meet the requirements of § 6-1-300(6).

31. The Road Fees charged in all fiscal years do not benefit "the payer in some manner different from the members of the general public not paying the fee," as required by S.C. Code Ann. § 6-1-300(6). Every driver on any road in the County, regardless of whether the vehicle is registered in the County or in another county or state, benefits from the fact that the Road Fee revenues are allocated for road maintenance and improvement.

32. The Road Fees charged in all fiscal years fail to meet the requirements of a service fee under S.C. Code Ann. § 6-1-300(6).

33. The Road Fees charged in all fiscal years are not lawful service fees.

34. In Burns v. Greenville Cty. Council, 2021 S.C. LEXIS 80 (S.C. Supreme Court) (June 30, 2021) ("Burns"), the South Carolina Supreme Court held that an identical "road maintenance fee" charged by Greenville County was unlawful.

35. The Road Fees charged in all fiscal years are *ultra vires* and void.

36. Upon information and belief, notwithstanding the clear holding of the South Carolina Supreme Court in Burns, Defendants intend to disregard the holding and continue charging the unlawful Road Fees. A member of the Horry County Council was quoted on July 27, 2021 as follows:

> 'We were approved by the supreme court back in 92 to do this and we've been doing it all along and we feel like if it was legal then, it should be legal now,' Councilman Vaught said. 'We feel very confident in our original supreme court making it legal for us and every county in South Carolina does it. We feel we're doing it fairly and according to what the law was.'

*'We were approved back in 92:' The validity of SC road maintenance fees under spotlight*, ABC 15 News, July 27, 2021, available at: https://wpde.com/news/local/the-validity-of-sc-road-maintenance-fees-under-spotlight.

37. Based upon these public statements, Defendants do not intend to refund to payers any of the unlawfully collected Road Fees in any fiscal year.

## COMMON CLASS ALLEGATIONS

38. The allegations of the preceding paragraphs are reincorporated by reference as if fully set forth herein.

39. Plaintiffs bring this lawsuit individually and as a class action on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and/or (b)(3). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

40. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action individually and on behalf of a class defined as:

> All natural persons, corporations, or other entities who have been required to pay road maintenance fees to Horry County.

41.     Excluded from the Class are Defendants, Defendants' Council members, legal counsel, the judges and all other court personnel to whom this case is assigned, and their immediate families.

42.     Plaintiffs reserve the right to amend or modify the Class definition after they have had an opportunity to conduct discovery.

43.     Numerosity: Fed. R. Civ. P. 23(a)(1). The Class is so numerous that the joinder of all members is unfeasible and not practicable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that there are thousands of individuals who were improperly charged Road Fees.

44.     Commonality: Fed. R. Civ. P. 23(a)(2) and (b)(3). There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members. In particular, Defendants had a uniform pattern, practice, and policy of collecting said unlawful Road Fees from natural persons, corporations, or other entities. Common questions include, but are not limited to:

   a.   Whether Defendants' charge and collection of the Road Fees, and adoption of Ordinances authorizing the Road Fees in each fiscal year, violated the substantive due process rights of Plaintiffs and the Class;

   b.   Whether Defendants violated 42 U.S.C. § 1983; and

   c.   Whether Plaintiff and the Class are entitled to an award of costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988 and/or other applicable law.

45.     Adequate Representation: Plaintiffs will fairly and adequately protect the interests of Class Members. Plaintiffs have no interests adverse or antagonistic to the interests of other members of the Class. Plaintiffs have retained attorneys experienced in the prosecution of class actions, including the prosecution of refunds of unlawful local government fees in the context of class action litigation. Plaintiffs intend to prosecute this action vigorously.

46.     Predominance and Superiority: Plaintiffs and Class Members have all suffered and will continue to suffer harm and damages as a result of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action. Plaintiffs further allege that certification of the Class is appropriate in that:

   a.  A class action will permit a large number of similarly situated persons to prosecute its common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individuals' actions would engender;

   b.  Each and every member of the proposed Class is subject to the same Road Fees, as the Road Fees charged and collected by Defendants in each fiscal year are substantially the same;

   c.  Class treatment will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein; and

   d.  Absent a class action, the Class members will continue to suffer losses of protected rights as well as monetary damages, and if the County's conduct continues to proceed without remedy, it will continue to reap and retain the proceeds of its ill-gotten gains.

Absent a class action, Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law. Because of the relatively small size of Class Members' individual claims, it is likely that few Class Members could individually seek legal redress for Defendants' misconduct. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy. Class treatment of common questions of law and fact would also be a superior method to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the courts and the litigants and will promote consistency and efficiency of adjudication.

47.     Defendants have acted on grounds generally applicable to the proposed class,

thereby making appropriate final injunctive and declaratory relief with respect to the Class.

48.     Typicality: Plaintiffs' claims are typical of the claims of each Class member and all are based on the same facts and legal theories in that Defendants have a uniform pattern, practice, and policy of collecting the unlawful Road Fees from each member of the proposed Class.

49.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole.

## FIRST CLAIM FOR RELIEF

**(Declaration that Defendants' Unlawful Charge and Collection of Road Fees and Adoption of Ordinances Authorizing Road Fees Violate Substantive Due Process and Injunctive Relief – 42 U.S.C. § 1983)**

50.     The allegations of the preceding paragraphs are reincorporated by reference as if fully set forth herein.

51.     Plaintiffs and the Class have a fundamental property interest in the money that Plaintiffs and the Class were required to pay as Road Fees, which property interests were infringed upon by Defendants' illegal actions complained of herein.

52.     Pursuant to Article VI, clause 2 of the United States Constitution, the Constitution and federal laws made pursuant thereto are the supreme law of the land.

53.     The Fourteenth Amendment to the United States Constitution prohibits Defendants from depriving Plaintiffs and the Class of their property without due process of law, in violation of the law of the land.

54.     By charging and collecting the unlawful Road Fees, and adopting Ordinances authorizing the Road Fees, Defendants acted outside the scope of legitimate objectives permitted for counties and their departments in South Carolina, exercised powers contrary to law, as well as the public policy, and charged fees which were unduly oppressive to Plaintiffs and the Class, and

deprived Plaintiff and the Class of their property in violation of the United States Constitution.

55. Acting under color of state law and in accordance with official policies of Defendants, Defendants and their agents deprived Plaintiffs and the Class of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 in charging and collecting the Road Fees and adopting the Ordinances authorizing the Road Fees.

56. Defendants charged and collected the unlawful Road Fees, and adopted the Ordinances authorizing the Road Fees, in violation of Plaintiffs' and the Class's constitutional rights, and unreasonably deprived Plaintiffs and the Class of their property interest in the money used to pay the illegally-assessed Road Fees required by Defendants, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

57. Plaintiffs and the Class were deprived of their fundamental property interests by Defendants' government action which has no rational relation to a valid state objective, as Defendants lacked any lawful authority to charge the Road Fees to Plaintiffs and the Class, or to adopt the Ordinances authorizing the Road Fees.

58. Plaintiffs and the Class are entitled to a declaration that Defendants violated Plaintiffs' and the Class's right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by charging and collecting the unlawful Road Fees and adopting the Ordinances authorizing the Road Fees.

59. Plaintiffs and the Class are entitled to injunctive relief preventing Defendants' from further charging unauthorized Road Fees.

60. Without such declaration and injunctive relief preventing Defendants' from further charging unauthorized Road Fees, Plaintiffs and Class Members are in danger of suffering

irreparable future harm in that they will continue to be charged unlawful Road Fees.

## SECOND CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 1983)

61.     The allegations of the preceding paragraphs are reincorporated by reference as if fully set forth herein.

62.     Defendants are persons within the meaning of 42 U.S.C. § 1983.

63.     Plaintiffs and the Class have clearly established rights under federal law to be free from Defendants' unlawful charge and collection of Road Fees, which deprived Plaintiffs of their property in derogation of Plaintiffs' fundamental right to substantive due process.

64.     Defendants' charge and collection of illegal Road Fees, and unlawful adoption of Ordinances authorizing the Road Fees, violated the rights of Plaintiffs and the Class to substantive due process rights and unreasonably deprived Plaintiffs and the Class of property interests guaranteed by the United States Constitution through government action that has no rational relation to a valid state objective, as Defendants had no lawful authority to assess the Road Fees.

65.     Defendants and their agents acted under color of state law and in accordance with official policies of Defendants in charging and collecting the Road Fees, and in adopting Ordinances authorizing the Road Fees, and deprived Plaintiffs and the Class of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

66.     As a direct and proximate result of Defendants' violations of the substantive due process rights of Plaintiffs and the Class, Plaintiffs and the Class have suffered are entitled to recover actual damages in the amount of the Road Fees charged and collected by Defendants in all fiscal years, plus interest as allowed by law.

### THIRD CLAIM FOR RELIEF
(Unjust Enrichment)

67. The allegations of the preceding paragraphs are reincorporated by reference as if fully set forth herein.

68. Defendants were put on notice by the South Carolina Supreme Court that the Road Fees being charged are unlawful. However, Defendants have not reimbursed Plaintiffs or Class Members; rather have ignored the Court, continue to retain the unlawfully charged Road Fees, and continue to charge additional Road Fees.

69. As a result of Defendants' unlawful charge of Road Fees, Defendants obtained monies which rightfully belong to Plaintiffs and the Class Members to the detriment of Plaintiffs and the proposed Class Members.

70. Defendants accepted and retained the non-gratuitous benefits conferred by Plaintiffs and Class Members who, without knowledge of the unlawfulness of the Road Fees being charged, paid the Road Fees. Plaintiffs and Class Members would not have paid Road Fees to Defendants had they known these fees were unlawfully charged.

71. It would be inequitable and unjust for Defendants to retain these wrongfully obtained profits.

72. Defendants' retention of these wrongfully-obtained profits would violate the fundamental principles of justice, equity, and good conscience.

73. Plaintiffs and the Class are entitled to restitution of the profits unjustly obtained plus interest.

### FOURTH CLAIM FOR RELIEF
(Costs, Expenses, and Attorneys' Fees)

74. The preceding paragraphs are realleged and incorporated herein by reference.

75. Defendants acted outside the scope of their legal authority by charging and collecting the unlawful Road Fees, and by adopting Ordinances authorizing the Road Fees.

76. Plaintiffs are entitled to recover actual costs, expenses, and attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988 and/or other applicable law.

WHEREFORE, Plaintiffs pray the Court grant them the following relief:

1. That the Court certify the Class and appoint Plaintiffs' counsel as class counsel;

2. That the Court declare that the Road Fees charged in all fiscal years are unlawful and violate the substantive due process rights of Plaintiffs and the Class as provided by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

3. That the Court issue an injunction preventing Defendants' from further charging Road Fees;

4. That Plaintiffs and the Class have and recover from Defendants actual damages pursuant in the amount of unlawful Road Fees charged and collected by Defendants in all fiscal years, plus interest as allowed by law;

5. That Plaintiffs and the Class have and recover from Defendants their costs, expenses, and attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988 and/or other applicable law; and

6. For such other and further relief as this Court may deem just and proper.

Dated: August 6, 2021                                  Respectfully submitted,

/s/ Harper T. Segui_____
Harper T. Segui (Fed ID No. 10841)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLP**
825 Lowcountry Blvd., Suite 101
Mount Pleasant, SC 29464
Tel: (919) 600-5000

Fax: (919) 600-5035
hsegui@milberg.com

James R. DeMay (NC No. 36710)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLP**
900 W. Morgan Street
Raleigh, NC 27603
Phone: (919) 600-5000
Fax: (919) 600-5035
jdemay@milberg.com

*Attorneys for Plaintiff*